**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION**

UNITED STATES OF AMERICA, :
:
    Plaintiff, :
:
v. : 1:10-CR-7 (WLS)
:
JOE NATHAN MORGAN, :
:
    Defendant. :
:

## **ORDER**

Presently pending before the Court are Defendant Joe Nathan Morgan's Motion for Reduction in Sentence Pursuant to Retroactivity of the Fair Sentencing Act of 2010 Under 18 U.S.C. § 3582(c)(2) (Doc. 61) and Defense Counsel's Request for Ruling on Defendant's Pro Se Motion for Sentence Reduction (Doc. 65). Defendant's initial Motion for Reduction in Sentence (Doc. 61) was filed without the aid of counsel. Defendant's counsel filed the latter motion (Doc. 65), which requested that the Court rule upon Defendant's initial, *pro se* motion.

Defendant moves this Court to reduce his sentence pursuant to Amendment 750, effective November 11, 2011 and made retroactive, which lowers the base offense levels for particular crack cocaine offenses in U.S.S.G. § 2D1.1(c). *See* U.S.S.G. App. C, Amend. 750. However, as both the Government and Defense counsel note, Defendant's sentence was based on the career-offender guideline under U.S.S.G. § 4B1.1, not the applicable crack guideline. (Doc. 65 at 5-6; Doc. 68 at 3-4.) Amendment 750 did not make any changes to § 4B1.1, the career-offender guideline. *See U.S. v. Lawson*, 686 F.3d 1317, 1319 (11th Cir. 2012) (citing U.S.S.G. App. C, Amend. 750).

1

The Eleventh Circuit has specifically held that "[w]here a retroactively applicable guideline amendment reduces a defendant's base offense level, but does not alter the sentencing range upon which his or her sentence was based, § 3582(c)(2) does not authorize a reduction in sentence." *U.S. v. Moore*, 541 F.3d 1323, 1320-21 (11th Cir. 2008) (concluding that when a defendant's sentence is based on the guideline ranges applicable to career offenders under § 4B1.1, a defendant's base offense level under § 2D1.1 plays no role in the calculation of these ranges). When given the opportunity to address the interplay between Amendment 750 and sentences calculated under the § 4B1.1 career-offender guideline, subsequent to *Moore*, the Eleventh Circuit concluded that where a sentencing range is based upon § 4B1.1, Amendment 750, which serves to reduce base offense levels in § 2D1.1, but not in § 4B1.1, does not alter the sentencing range upon which the sentence is based, and thus, § 3582(c)(2) does not authorize a reduction in sentence. *Lawson*, 686 F.3d at 1321.

In the Presentence Investigation Report, the probation officer noted that, pursuant to § 4B1.1, "[t]he defendant is a career offender." Therefore, despite the fact Defendant's base offense level for a violation of 21 U.S.C. § 841(a)(1) and 841(b)(1)(C) possession with intent to distribute less than 1.4 grams of cocaine base yielded an offense level of 12 under § 2D1.1(c)(14)[1], pursuant to § 4B1.1(b), Defendant was assessed an offense level of 32, which was reduced to 29 after a one-level reduction for timely entry of a plea of guilty and a two-level reduction for acceptance of responsibility. The recommended guideline imprisonment range for Defendant's career-offender offense

---

[1] As noted by the Government, it does appear that Defendant was mistakenly assessed a base offense-level of 14, though the applicable offense level for less than 1.4 grams of cocaine base was 12 at the time Defendant was sentenced. (*See* Presentencing Investigation Report, ¶ 13; *see also* U.S.S.G. § 2D1.1(c)(14).) Nevertheless, the Court agrees with the Government that the error does not change the Court's conclusion because, as noted below, Defendant's sentence was based on his status as a career offender, not the applicable crack guideline.

level of 29 and a criminal-history category of VI was 151 to 188 months. However, because of the "insignificant amount of cocaine" involved, the Court departed downward to a level 26, which put Defendant in the range of 120 to 130 months. The Court then imposed a sentence of 120 months. Nevertheless, even with the downward departure, Defendant's sentence was still based on his status as a career offender. Therefore, Amendment 750 has no effect on the original sentence imposed and it remains accurate.[2]

Defendant also requested, in his *pro se* motion, that the Court "take in account [his] self-motivated post rehabilitation efforts." (Doc. 61 at 2.) While laudable, these efforts do not provide Defendant with any independent grounds for relief under § 3582(c)(2). *United States v. Cooper*, 369 F. App'x 93, 94-95 (11th Cir. 2010); *United States v. Kirkland*, 337 F. App'x 792, 793 (11th Cir. July 8, 2009).

Accordingly, for the foregoing reasons, Defendant's Counsel's Motion for Ruling on Defendant's *Pro Se Motion* (Doc. 65) is **GRANTED** and Defendant's Motion for Reduction in Sentence (Doc. 61) is **DENIED**.

**SO ORDERED**, this  24th  day of May, 2013.

/s/ W. Louis Sands
**THE HONORABLE W. LOUIS SANDS,**
**UNITED STATES DISTRICT COURT**

---

[2] Notwithstanding this conclusion, the Court notes that although the probation officer incorrectly cited an offense level of 14, the probation officer *did apply* the emergency amendments that went into effect November 1, 2010. (PSI ¶ 13.) Thus, Defendant's base offense-level calculation—before the application of the §4B1.1 career-offender enhancement—was calculated based on retroactive crack-cocaine amendments, albeit incorrectly.