# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# ALBANY DIVISION

| UNITED STATES OF AMERICA, | : | |
| --- | --- | --- |
| Plaintiff, | : | |
| v. | : | 1:10-CR-7 (WLS) |
| JOE NATHAN MORGAN, | : | |
| Defendant. | : | |

## ORDER

On October 7, 2011, Defendant filed a "Motion to Enforce the Sentence Imposed" in the above-captioned matter. (Doc. 59.) Therein, Defendant requests that the Court order the Bureau of Prisons to give Defendant additional credit toward his federal sentence. (*Id.*)

The relevant statute regarding credit for time served is 18 U.S.C. § 3585(b), which states as follows:

> (b) Credit for prior custody.—A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences—
> (1) as a result of the offense for which the sentence was imposed; or
> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
> that has not been credited against another sentence.

"In construing 18 U.S.C. § 3585(b), the Supreme Court has held that the Attorney General through the Bureau of Prisons, as opposed to the district courts, is authorized to compute sentence credit awards after sentencing." *United States v. Williams*, 425 F.3d 987, 990 (11th Cir. 2005) (citing *United States v. Wilson*, 503 U.S. 329, 333–35 (1992)). Thus, "a federal prisoner dissatisfied with computation of his sentence must pursue the

1

administrative remedy available through the federal prison system before seeking judicial review of his sentence." *Id.* (additional citations omitted).

After a federal prisoner has exhausted his administrative remedies, he may then obtain judicial review of his sentence through a 28 U.S.C. § 2241 petition for habeas corpus. *Id.* However, a Section 2241 petition "may be brought only in the district court for the district in which the inmate is incarcerated." *Fernandez v. United States*, 941 F.2d 1488, 1495 (11th Cir. 1991). Here, Defendant is currently in custody at the Federal Correctional Complex in Oakdale, Louisiana. Therefore, even if Defendant has exhausted his administrative remedies, this Court does not have jurisdiction to review a habeas corpus petition to challenge the federal sentence that Defendant is serving in another jurisdiction. *See* 28 U.S.C. § 2241(a) ("Writs of habeas corpus may be granted by . . . the district courts . . . within their respective jurisdictions."); *see also United States v. Plain*, 748 F.2d 620, 621 n.3 (11th Cir. 1984) (noting that the district court that sentenced defendant lacked jurisdiction to review defendant's habeas corpus petition since defendant is incarcerated in another district). Thus, to the extent Defendant seeks to challenge the computation of his federal sentence, he should file a proper § 2241 petition in the district where he is confined. Accordingly, Defendant's Motion to Enforce the Sentence Imposed is **DENIED without prejudice**.

**SO ORDERED**, this  24th  day of May, 2013.

/s/ W. Louis Sands
**THE HONORABLE W. LOUIS SANDS,**
**UNITED STATES DISTRICT COURT**